Filed 1/20/21  P. v. Jauregui CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B301440 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA119225) |
| v. | |
| ROBERT JAUREGUI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Juan C. Dominguez, Judge.  Modified and remanded.

David Zarmi, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

Robert Jauregui was sentenced to prison for inflicting corporal injury on his child's mother within seven years of being convicted of a similar offense. On appeal, Jauregui contends there is insufficient evidence showing his prior conviction occurred within seven years of his present offense. The Attorney General concedes the point. We modify the judgment and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 1, 2018, Erica L.[1] walked outside her house and saw Jauregui, who is the father of her child. Erica was arguing with someone on the phone, and she looked at Jauregui. As she started walking back towards the house, Jauregui said, "So what's up now, bitch? Talk some shit." He pulled Erica's hair and struck her in the face with a closed fist several times. Erica was bleeding from her head, and she was transported to a hospital. Medical records indicated she had suffered a fractured nose and orbital bone, as well as a hematoma on the top of her head.

Jauregui was charged with a single count of violating Penal Code section 273.5, subdivision (f)(1)[2] (hereafter section 273.5(f)(1)), which prohibits inflicting corporal injury on the parent of an offender's child within seven years of a previous conviction for violating section 273.5, subdivision (a) (hereafter section 273.5(a)). It was further alleged that Jauregui inflicted

---

[1] To protect her personal privacy interests, we refer to the victim by her first name and last initial. (Cal. Rules of Court, rule 8.90(b)(4).)

[2] All further undesignated statutory references are to the Penal Code.

great bodily injury (GBI) upon the victim under circumstances involving domestic violence (§ 12022.7, subd. (e)).

A jury found Jauregui guilty of injuring his child's parent, and it found true the GBI allegation. Jauregui subsequently admitted suffering a 2009 conviction for violating section 273.5(a).

The trial court sentenced Jauregui to an aggregate term of eight years in prison, consisting of the midterm of four years under section 273.5(f)(1), plus four years for the GBI enhancement. Jauregui timely appealed.

## DISCUSSION

Jauregui contends, and the Attorney General concedes, the trial court erred in sentencing him under section 273.5(f)(1) because there is insufficient evidence showing he suffered a prior conviction under section 273.5(a) within seven years of the present offense. We agree.

Section 273.5(a) provides that any person who willfully inflicts corporal injury resulting in a traumatic condition upon the parent of the offender's child "shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000), or by both that fine and imprisonment." Section 273.5(f)(1) provides enhanced penalties for persons convicted of violating section 273.5(a) "for acts occurring within seven years of a previous conviction under [section 273.5(a)]." Under those circumstances, the punishment is "imprisonment in a county jail for not more than one year, or by imprisonment in the state prison for two, four, or five years, or

3

by both imprisonment and a fine of up to ten thousand dollars ($10,000)." (§ 273.5, subd. (f)(1).)[3]

Here, the trial court sentenced Jauregui under section 273.5(f)(1). It is undisputed, however, that his only prior section 273.5(a) conviction occurred in 2009, which is more than seven years before the acts giving rise to his current offense. Accordingly, there is not sufficient evidence showing Jauregui violated section 273.5(f)(1), and he was not subject to the enhanced penalties found in that subdivision.

Although there is insufficient evidence to support a conviction and sentencing under section 273.5(f)(1), Jauregui concedes that the jury found he violated section 273.5(a). The parties agree, as do we, that the proper disposition is to modify the judgment to reflect that Jauregui was convicted of violating section 273.5(a), rather than section 273.5(f)(1), and then remand the case for resentencing. (See § 1260 [an appellate court may "modify a judgment . . . or reduce the degree of the offense . . . [and] remand the cause to the trial court for such further proceedings as may be just under the circumstances"].)

---

[3] The parties conceptualize the relationship between section 273.5(a) and section 273.5(f)(1) differently. Jauregui considers section 273.5(f)(1) to be an alternative sentencing scheme for violations of section 273.5(a). (See *People v. Cross* (2015) 61 Cal.4th 164, 178.) The Attorney General, in contrast, considers section 273.5(a) to be a lesser included offense of section 273.5(f)(1). To the extent there are distinctions between these conceptions, they are irrelevant for our purposes.

**DISPOSITION**

The judgment is modified to reflect that Jauregui was convicted of violating section 273.5(a).  The matter is remanded for resentencing consistent with this opinion.


BIGELOW, P. J.

We Concur:


GRIMES, J.


WILEY, J.

5